UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 05-CV-4307 (JFB) (ETB)

———————————

REVEREND HENRY BACON,

Plaintiff,

VERSUS

SUFFOLK LEGISLATURE, ET AL.

Defendants.

———————————

MEMORANDUM AND ORDER
August 8, 2007

———————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Reverend Henry Bacon (hereinafter "plaintiff" or "Rev. Bacon") brings the instant lawsuit against defendants Suffolk Legislature, Legislator Elie Mystal, Legislator Allen Binder, Legislator Paul Tonna, Legislator Michael Caraccioloa, Legislator Guidi, Legislator Towle, Legislator Joseph T. Caracappa, Legislator Vivian Fisher, Legislator Haley, Legislator Brian Foley, Legislator William Lindsey, Legislator Angie Carpenter, Legislator Crecca, Legislator Lynne Norwick, Legislator David Bishop, Legislator Jon Cooper, the Estate of Honorable Legislator Maxine Postal, Christine Costigan, Suffolk County Director of the Department of Real Estate, Allen Grecco, former Director of the Department of Real Estate, former County Executive Robert Gaffney, County Executive Steve Levy, Suffolk County Police Department and John Does I-III (collectively, "defendants"), alleging claims pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986, and 18 U.S.C. §§ 241 and 242.[1] Defendants now move to dismiss the plaintiff's complaint in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8.[2]

———————————

[1] The Court notes that 18 U.S.C. §§ 241 and 242 are criminal statutes; thus, plaintiff has no private right of action under these laws. Accordingly, any such claims pursuant to 18 U.S.C. §§ 241 and 242 are dismissed with prejudice.

[2] Although defendants did not refer to Federal Rule of Civil Procedure 8 in their Notice of Motion,

For the reasons set forth below, defendants' motion is granted on timeliness grounds as to the Section 1986 claims, and under Rule 8 with respect to all other claims.

I. BACKGROUND

A. The Facts

The following facts are taken from the amended complaint and are not findings of fact by the Court, but rather are assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to plaintiff, the non-moving party.

On May 20, 1997, pursuant to Resolution No. 384, the Town of Babylon (hereinafter "Babylon") accepted certain property located at 8 Andrews Avenue, Wyandanch, New York ("the Property") from the County of Suffolk ("the County") for reconveyance to the Compel Mission Church of God in Christ, Inc., whose agent was the plaintiff. (Compl. Ex. C.)

On October 14, 1997, the plaintiff, on behalf of the Church, entered into a license agreement (hereinafter "the Agreement") with the County to rehabilitate the Property. (Compl. Ex. A.) The Agreement states that Babylon is the contract vendee of the Property pursuant to N.Y. Gen. Mun. Law § 72-h.[3]

(*Id.*) Pursuant to the Agreement, Babylon, as contract vendee, has "agreed to purchase the property from the County of Suffolk for community purposes." (*Id.*) With regard to plaintiff, the Agreement provides Rev. Bacon, who is designated as a "licensee," with a license "only for the limited purpose of

---

their brief clearly argues that plaintiff's complaint should be dismissed, in the alternative, pursuant to Rule 8. Therefore, the Court shall construe the motion as a motion to dismiss pursuant to Rules 12(b)(6) and 8.

[3] New York General Municipal Law § 72-h provides that:

(a) Notwithstanding any provision of any general, special or local law or of any charter, the supervisors of a county, the town board of a town, the board of trustees of a village, the board of fire commissioners of a fire district [fig 1] , the board of estimate of a city, or if there be none the local legislative body of such city, and, in a city having a population of one million or more, the mayor, subject to disapproval by the council within thirty days following receipt of notice of the approval of the mayor, may sell, transfer or lease to or exchange with any municipal corporation or municipal corporations, school district, board of cooperative educational services, fire district, the state of New York, or the government of the United States and any agency or department thereof, either without consideration or for such consideration and upon such terms and conditions as shall be approved by such officer or body, any real property owned by such county, town, village, fire district or city; and any municipal corporation or fire district may acquire or lease such real property as provided in this section. The term of any lease entered into pursuant to the provisions of this section shall not exceed ten years but nothing herein contained shall prevent the renewal of any such lease.

(b) The provisions of this section shall not apply to any real property which is made inalienable under the provisions of any general, special or local law or of any charter.

2

permitting the licensee to enter upon the premises for the purpose or rehabilitating the realty," and did not "give rise to a lease or to any agreement for Use and Occupancy." (*Id.*) However, plaintiff contends that he signed "a license agreement to purchase the property" on behalf of the church." (Compl. ¶ 1.)

By letter dated January 8, 1998, defendant Suffolk County legislator Maxine Postal ("Ms. Postal") requested that the County transfer the Property "directly to the Wyandanch Union Free School District as a 72H." (Compl. Ex. B.) Ms. Postal's letter indicated that a previous transfer was prevented "by the sectarian nature of the agency seeking to acquire the [P]roperty." (*Id.*) In response, plaintiff established a non-sectarian non-profit organization, pursuant to 26 U.S.C. § 501(c)(3), named Compel Mens Resource and Referral Center, Inc. ("Compel"), in February 1998. (Compl. Ex. G.) The organization was "approved" by the federal government on October 21, 1998. (*Id.*)

On November 17, 1998, Babylon adopted Resolution No. 745, which was issued to correct the name of the proper "grantee" of the Property as set forth in Resolution, No. 384. (Compl. Ex. C.) According to Resolution No. 745, "the correct name of the party who will be ultimately receiving title of the property is the Compel Mens Resource and Referral Center, Inc." (Compl. Ex. C.) In a subsequent November 25, 1998 letter from the Town of Babylon to defendant Maxine Postal ("Ms. Postal"), a County Legislator, the Town Attorney advised Ms. Postal that "Rev. Bacon should now obtain the deed from the County to the Town, after which, we will prepare deed from the Town to Compel Resource." (Compl. Ex. D.)

Notwithstanding the license's grant of limited access to the Property for purposes of rehabilitation, rather than "[u]se and [o]ccupancy," plaintiff asserts that, during this time, Compel offered community services at the Property, including computer training, a food pantry, alcohol and drug abuse referrals, job fairs, employment skills workshops, holiday food baskets, Christmas gift distribution, summer camp, after-school academic enrichment programs, and job placement services. (*Id.* ¶ 5.) Plaintiff also allegedly invested $400,000 worth of renovations, labor and services in-kind in the Property. (Compl. Ex. G.) According to plaintiff, the defendants – and Ms. Postal in particular – undermined his efforts to fund such programs and to complete renovations of the property. (*Id.*) For example, in July 2002, Long Island Cares, Inc., a non-profit organization, cancelled its agreement to provide food to Compel on the basis that several building code violations were present at the Property. (Compl. Ex. F.)

Plaintiff also contends that, from 1998 to 2002, the County engaged in delay tactics to prevent transfer of the deed to Compel. (Compl. Ex. G.) For instance, on June 15, 1999, plaintiff contacted Ms. Postal to request the deed, and Ms. Postal assured plaintiff that she would assist him in obtaining it. (*Id.*) However, when plaintiff called again, several weeks later, Ms. Postal informed him that no deeds were being transferred at the time, and forwarded to plaintiff a confidential Suffolk County Legislature memo indicating that property transfers were being put on hold pending County tax legislation. (Compl. Exs. E, G.) During this time, the County allegedly offered the Property to "at least sixteen organizations or individuals within the community," despite the Town's previous promises to convey the deed for the property

3

to Compel. (Compl. ¶ 7.)

Beginning in February 2002, Compel was the subject of ongoing eviction proceedings at the Property. (Compl. Ex. G.) On September 17, 2002, plaintiff spoke before the Suffolk Legislature to urge them to reconsider the pending eviction. (Compl. Exs. G, J.) On October 30, 2002, Compel was forcibly evicted from the Property, and two-hundred-thousand dollars worth of items were allegedly removed from the property and put onto the street. (Compl. Ex. G.)

On June 1, 2005, plaintiff contacted Suffolk County Executive Steve Levy ("Mr. Levy"), to request that the Property deed be turned over to Compel, and for additional relief. (Compl. Ex. G.) On August 17, 2005, Deputy County Executive Jeffrey W. Szabo ("Mr. Szabo") responded, stating "we are unable to remove this property from the auction. . . . I have been advised that the property will be used for higher government needs." (Compl. Ex. H.)

Plaintiff avers that the acts taken in preventing Compel's possession of the deed to the Property and the hindrances imposed on its use were in retaliation for his political activities. (Compl. ¶ 8.) Specifically, during the years 1995 to 1998, plaintiff participated in an effort to address fatalities on Straight Path, a county road. (*Id.* ¶ 3.) In addition, in January 1998, plaintiff opposed the appointment of defendant Elie Mystal ("Mr. Mystal") as public relations officer for the Wyandanch school district. (*Id.* ¶ 4.) According to plaintiff, between February 1998 and 2002, the defendants "publicly [p]romise[d] retaliation" against the plaintiff for his advocacy efforts regarding Straight Path, homelessness and other community issues, his complaints that he had not received a deed to the Property, and his refusal to support Mr. Mystal. (*Id.* ¶ 8.)

As an example of such retaliation, plaintiff claims that, on May 11, 1999, he and his wife were pulled over and a gun was put to his and his wife's heads by certain of defendants. (*Id.* ¶ 2.) In addition, plaintiff contends that unspecified defendants slandered him from 2002 to the present, falsely accused him of criminal activity and attempted to "influence community members to run the [p]laintiff out of town." (*Id.* ¶¶ 9, 10, 11.) Furthermore, the plaintiff asserts, the defendants "refuse[d] to carryout the specifics of the written [c]ontract and the verbal agreed upon amendments to the contract." (Id. ¶ 12.) On April 8, 2005, unspecified defendants allegedly kicked down the plaintiff's bedroom door without a search warrant. (Id. ¶ 32.) The plaintiff, who is an African-American male, believes that these alleged retaliatory acts were also motivated by racism. (*Id.* ¶ 13.)

B. Procedural History

On September 12, 2005, plaintiff filed the instant complaint. He also sought an order to show cause to prevent the defendants from "interfering with the Plaintiffs [sic] license to enter [the Property]." (Pl.'s Proposed Order to Show Cause, Sept. 12, 2005). The Honorable Sandra J. Feuerstein denied plaintiff's proposed order to show cause on September 12, 2005.

On March 10, 2006, this case was re-assigned to the undersigned. On April 10, 2006, defendants served their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on plaintiff. On April 11, 2006, plaintiff requested an extension of time to file his opposition to the motion. The Court granted plaintiff's request

4

for an extension. The Court granted plaintiff a subsequent extension of sixty-days' time on June 15, 2006. On September 22, 2006, having received no opposition from plaintiff, defendants filed their motion to dismiss with the Court. On September 27, 2006, the Court received a letter from plaintiff requesting a further extension of time until February 2007 to file his opposition to defendants' motion. The Court granted plaintiff's request.

On February 15, 2007, again having received no opposition from plaintiff, defendants renewed their motion to dismiss. The Court ordered plaintiff to respond by April 1, 2007, and warned that if plaintiff failed to do so, the Court would decide the motion based upon the defendants' papers alone. On April 12, 2007, when no opposition from plaintiff was filed, the Court held a telephone status conference, in which the plaintiff failed to appear. The Court issued an order permitting plaintiff until May 23, 2007 to file his opposition. On May 23, 2007, the plaintiff requested that the Court adjourn all proceedings due to his personal health issues. The Court granted plaintiff's request and ordered that plaintiff submit his opposition to the pending motion by June 30, 2007. The Court warned plaintiff that no further extensions would be granted.

On May 29, 2007, plaintiff wrote to the Court requesting that all proceedings be stayed until October 9, 2007, due to his health concerns. Plaintiff also provided a brief "Response to declaration in support of motion to dismiss." (Pl.'s June 29, 2007 Ltr.) The Court declines to grant plaintiff's seventh request for a stay/extension of time in this case, which is made over one year after the instant motion was originally served. Rather, the Court shall construe plaintiff's most recent letter to constitute his full opposition to the motion, and shall also address any potential arguments not raised by plaintiff which could have been asserted on his behalf.

II. DISCUSSION

A. Standard of Review

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 2007 U.S. App. LEXIS 13911, at *36 (2d Cir. Jun. 14, 2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Moreover, as the plaintiff is appearing *pro se*, the Court shall "'construe [his complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)).

B. Timeliness of Claims

Defendants contend that plaintiff's claims should be dismissed by this Court as time-barred. The Court agrees with defendants that the vast majority of the acts alleged in plaintiff's complaint pre-date 2002. While most of these acts are time-barred, the

5

complaint also makes vague references to acts in 2002 and beyond that are timely.[4]

(1) Section 1982, 1983 and 1985 Claims

As there is no federal statute of limitations governing the Reconstruction-era civil rights statutes, the Supreme Court has advised that "federal courts should select the most appropriate or analogous state statute of limitations" to determine the proper limitations period. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987), *superseded on other grounds by statute*, 28 U.S.C. § 1658(a), *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). With regard to plaintiff's Section 1983 and 1985 claims, federal courts generally apply the forum state's statute of limitations for personal injury claims, which is three years in the State of New York. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (Section 1983), *cert. denied*, 538 U.S. 922 (2003); *Paige v. Police Dep't of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001) (Section 1985) The Court shall also apply New York state's three-year statute of limitations for personal injury claims to plaintiff's Section 1982 cause of action. Though "neither the Supreme Court nor the Second Circuit has yet to rule on the proper statute of limitations for § 1982," *Rodriguez v. Island Park, Inc.*, No. 89-CV-2676 (ILG), 1991 U.S. Dist. LEXIS 9469, at *13-*14 (E.D.N.Y. Jul. 9, 1991) (applying three-year statute of limitations), other circuit and district courts have referred to the applicable statute of limitations for Section 1983 claims, which, as explained *supra*, is usually the state statute of limitations for personal injury actions. *See, e.g., Hall v. Burger King Corp.*, 912 F. Supp. 1509, 1535 n.61 (S.D. Fla. 1995) ("[C]ourts have unanimously concluded that since 'actions brought pursuant to section 1982 are . . . best characterized as personal injury actions,' the most appropriate state statute of limitations for such actions is the statute applicable to personal injury actions.") (quoting *Sheerer v. Rose State Coll.*, 774 F. Supp. 620, 622 (W.D. Okla.), *aff'd*, 950 F.2d 661 (10th Cir. 1991)); *Village of Bellwood v. Dwivedi*, 895 F.2d 1521, 1528 (7th Cir. 1990); *SternJohn v. Kreisler*, 238 F. Supp. 2d 1104, 1111 (D. Minn. 2003); *Brown v. Goodyear Tire & Rubber Co.*, No. 99-C-1641 (SBC), 1999 U.S. Dist. LEXIS 11872, at *8 (N.D. Ill. Jul. 28, 1999).

Therefore, any causes of action arising under Sections 1982, 1983 and 1985 are timely only with regard to acts that took place after September 12, 2002, three years before the instant complaint was filed. According to plaintiff, the following acts occurred within the relevant time period: (1) forcible eviction of Compel from the Property on October 30, 2002 (Compl. ¶¶ 25, 27, 28); (2) an ongoing conspiracy from 2002 to the present to slander the plaintiff (Compl. ¶ 9); (3) the "kicking down" of plaintiff's bedroom door without a warrant on April 28, 2005; and (4) Mr. Szabo's August 17, 2005 letter rejecting plaintiff's request for the deed to the Property.

(2) Section 1981 Claims

With regard to plaintiff's claims brought under Section 1981, such claims are subject to the federal four-year statute of limitations set forth in 28 U.S.C. § 1658.[5] *R.R. Donnelley &*

---

[4] However, plaintiff's claims are dismissed, in any case, under Federal Rule of Civil Procedure 8, for the reasons set forth *infra*.

[5] 28 U.S.C. § 1658 provides that: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of

*Sons Co.*, 541 U.S. at 382-83 (applying four-year statute of limitations to claims arising under Section 1981 as amended by the Civil Rights Act of 1991, which provides that "for purposes of this section, the term, 'make and enforce contracts' includes the making, performance, modification, and termination of all benefits, privileges, and conditions of the contractual relationship"); *see also Fernandez v. M & L Milevoi Mgmt.*, 357 F. Supp. 2d 644, 650-51 (E.D.N.Y. 2005) (applying *R.R. Donnelley & Sons Co.*, 541 U.S. at 382-83, to pending Section 1981 case).

Therefore, the Court shall apply the federal four-year statute of limitations to plaintiff's Section 1981 claims. Accordingly, plaintiff's Section 1981 cause of action is timely with regard to any acts that occurred after September 12, 2001. Thus, the four acts that this Court has held to be timely under Sections 1982, 1983 and 1985 are also timely for purposes of Section 1981. Plaintiff also alleges generally that, prior to 2002, unspecified defendants undermined his efforts to fund Compel's programs, delayed transfer of the deed to Compel, and promised to retaliate against plaintiff for his political activities. Any specific acts identified by plaintiff between September 12, 2001 and 2002 are also timely.

(3) Section 1986 Claims

Claims brought under 42 U.S.C. § 1986 must be brought within one year of accrual. *Pikulin v. Gonzales*, No. 07-CV-0412 (CBA), 2007 U.S. Dist. LEXIS 25551, at *10 (E.D.N.Y. Apr. 5, 2007) (citing 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.")). In this case, plaintiff's claims under Section 1986 are completely time-barred, as he does not allege any acts occurring after September 12, 2004. Therefore, the Court grants defendants' motion to dismiss plaintiff's Section 1986 claims.

C. Application of Federal Rule of Civil Procedure 8

With regard to plaintiff's timely Section 1981, 1982, 1983 and 1985 claims, the Court finds that it can determine neither which causes of action exist, nor which defendants are implicated by each such cause of action. Therefore, these claims are dismissed pursuant to Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp.*, 127 S. Ct. at 1955); *see also Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). Recently, the Supreme Court clarified the pleading standard, declaring that

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing,"

---

the enactment of this section [enacted Dec. 1, 1990] may not be commenced later than 4 years after the cause of action accrues."

rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Bell Atl. Corp.*, 127 S. Ct. at 1965 n.3 (quoting *Conley*, 355 U.S. at 47, and citing 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1202, at 94, 95 (3d ed. 2004)). When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it *sua sponte*. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)).

Here, plaintiff's complaint falls far short of giving fair notice of the claim as required under Rule 8(a)(2). The claims in the complaint are vague and appear to implicate a number of both named and unnamed defendants. It is unclear from a review of the complaint which defendants committed the acts alleged by plaintiff. The Court is also unable to discern which claims pertain to which specific defendants. Instead, the complaint presents a series of statements and allegations that cannot be parsed, at this point, into comprehensible legal claims.

(1) Section 1983 Claims

In order to state a claim for relief under Section 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges or immunities secured by the Constitution and federal law, (2) by a person acting under the color of state law. 42 U.S.C. § 1983. Section 1983 does not itself provide substantive rights, but in fact offers "a method for vindicating federal rights elsewhere conferred." *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere.") (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). In this instance, plaintiff asserts both Equal Protection Clause and Due Process Clause claims pursuant to Section 1983.

a. Equal Protection Claims

Construed broadly, plaintiff's complaint alleges violations of his rights under the Equal Protection Clause of the Fourteenth Amendment, which provides that "no State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a claim of racial discrimination under the Equal Protection Clause, a plaintiff must allege that a government actor intentionally discriminated against him on the basis of race. *Brown v. City of Oneota*, 221 F.3d 329, 337 (2d Cir. 1999) (citing *Hayden v. County of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999)), *overruled in part on other grounds by Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). A plaintiff may plead intentional discrimination in violation of the Equal Protection Clause by identifying defendants' use of an express racial classification, defendants' intentional application of a facially neutral law in a discriminatory manner, or a facially neutral statute or policy

8

that has an adverse effect and was motivated by discriminatory animus. *Brown*, 221 F.3d at 337 (citing *Adarand Contructors, Inc. v. Pena*, 515 U.S. 200, 213 (1995); *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886); *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977); and *Johnson v. Wing*, 178 F.3d 611, 615 (2d Cir. 1999)).

Plaintiff's equal protection claim consists of his assertion that defendants "did exemplify racism" in their actions against the plaintiff, causing "irrevocable damage to Plaintiff his family and the needy African Americans in Long Island." (Compl. ¶ 13.) Plaintiff also contends that

> On or about 1980 to date the defendants . . . did on a number [o]f occasions allow multi millionaire Caucasian individuals and other Caucasian individuals extended [p]eriods of time to close on properties. A number of these individuals did conspire with the defendants . . . and defrauded African Americans. This [e]xtended time frame was not afforded the Plaintiff. Therein on a number of [o]ccasions violating the rights of the plaintiff.

(Compl. ¶ 22.) While these statements broadly indicate the plaintiff's assertions of intentional discrimination on the basis of race, they do not set forth the specific discriminatory acts against him, nor do they identify which defendants committed such acts. A complaint falls short of meeting the Rule 8 standard where, as in this case, it "fails to incorporate any factual allegations that would indicate how his race . . . played a role" in the alleged actions against plaintiff. *Valle v. Bally Total Fitness*, No. 01-CV-11614 (RCC) (KNF), 2003 U.S. Dist. LEXIS 17093, at *7-*8 (S.D.N.Y. Sept. 30, 2003) (citing *Swierkiewicz*, 534 U.S. at 513 (holding that plaintiffs met Fed. R. Civ. P. 8(a)'s simplified notice pleading standard where the complaint gave notice of the claims to be alleged, detailed the events underlying the claims, provided relevant dates, and included the ages and nationalities of some of the relevant persons involved)). "'[W]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice.'" *Amron v. Morgan Stanley Inv. Advisors, Inc.*, 464 F.3d 338, 344 (2d Cir. 2006) (quoting *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)). Ultimately, "[a] plaintiff must allege, as the Supreme Court has held, those facts *necessary* to a finding of liability" and "a plaintiff's allegations, accepted as true, must be sufficient to establish liability." *Amron*, 464 F.3d at 344 (emphasis in original); *see also Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, No. 05-CV-5106 (DRH) (ETB), 2007 U.S. Dist. LEXIS 31644, at *7 (E.D.N.Y. Apr. 30, 2007) (quoting *Amron*, 464 F.3d at 344). Therefore, because plaintiff's equal protection claim lacks factual assertions of intentional racial discrimination sufficient to put defendants on notice of the claims against each of them and the grounds on which such claims rest, the Court finds that plaintiff has failed to meet the pleading standard of Rule 8.

b. Due Process Claims

Defendants have also construed plaintiff's complaint to present Section 1983 claims for violations of the Due Process Clause of the Fourteenth Amendment. When a claim under Section 1983 relates to an alleged deprivation of property, the Second Circuit has held that a court must make the following inquiry:

(a) whether a property right has been identified; (b) whether governmental action with respect to that property right amounts to a deprivation; and (c) whether the deprivation, if one be found, was visited upon the plaintiff without due process of law.

*Greene v. Blooming Grove*, 935 F.2d 507, 510 (2d Cir. 1991) (quoting *Fusco v. Connecticut*, 815 F.2d 201, 205 (2d Cir. 1987) (additional citations omitted). "The extent and nature of a property right protected by the [F]ourteenth [A]mendment, as well as whether the right exists at all, are determined by reference to state law." *Greene*, 935 F.2d at 510 (citing *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983); *Fusco*, 815 F.2d at 205-06). Thus, the Court must first determine whether plaintiff has a protected property right in the property located at 8 Andrews Avenue, Wyandanch, New York.

Defendants contend that plaintiff cannot demonstrate such an interest because he only possessed a license to enter onto the Property. However, the documents submitted by plaintiff present conflicting information regarding the nature of the property right granted to plaintiff by the Suffolk County Legislature. For instance, a November 17, 1998 resolution by the Legislature indicates that title to the Property was transferred to plaintiff's organization, Compel Mens Resource and Referral Center, Inc. (Pl.'s Ex. C.) Similarly, a November 25, 1998 letter from the Town of Babylon to Legislator Postal refers to the November 17, 1998 resolution, and states that "Rev. Bacon should now obtain the deed from the County to the Town, after which we will prepare deed from the Town to Compel Resource." (Pl.'s Ex. D.) Therefore, at this stage, in the absence of further information regarding plaintiff's alleged rights vis-a-vis the property, the Court simply cannot determine whether a protected property right exists; furthermore, under Federal Rule of Civil Procedure 8, plaintiff has failed to adequately plead sufficient facts from which the Court could determine which defendants are liable for violating plaintiff's alleged right.

In addition, as explained *supra*, the Court finds that any acts prior to September 12, 2002 are untimely for purposes of a Section 1983 claim. The only timely act alleged by plaintiff with regard to his due process claim is an August 17, 2005 letter from Mr. Szabo to plaintiff stating that the property will not be removed from the public auction. (Compl. Ex. H.) At this stage, the Court cannot ascertain the circumstances of this letter, nor can it determine whether the letter alone creates a timely due process cause of action. Therefore, defendants' motion to dismiss plaintiff's Section 1983 claims for Due Process clause violations is granted pursuant to Federal Rule of Civil Procedure 8.

(2) Section 1981 Claims

Section 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981 (2006). The statute's provisions apply to both private and state actors. *Yusuf v. Vassar Coll.*, 35 F.3d 709, 714 (2d Cir. 1994) (citations omitted). To establish a Section 1981 claim, a plaintiff must show (1) that he or she is a member of a racial minority; (2) an intent to discriminate on the basis of race by defendant; and (3) that the discrimination concerned one or more of the activities

enumerated in section 1981. *Lauture v. IBM*, 216 F.3d 258, 261 (2d Cir. 2000). "'Essential to an action under section 1981 are allegations that the defendants' acts were purposefully discriminatory and racially motivated.'" *Odom v. Columbia Univ.*, 906 F. Supp. 188, 194 (S.D.N.Y. 1995) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 (2d Cir. 1988)); *see also Brown*, 221 F.3d at 339 ("Section 1981, like the Equal Protection Clause, only prohibits intentional racial discrimination.") (citing *Gen. Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Albert*, 851 F.2d at 573). For the same reasons that the Court finds that plaintiff has not articulated his claims against defendants pursuant to the Equal Protection Clause with sufficient particularity to meet the minimum pleading requirements of Rule 8, the Court also concludes that plaintiff has not met the Rule 8 pleading standard with regard to his Section 1981 claims.

### (3) Section 1982 Claims

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. The section has been held "to forbid public and private racially discriminatory interference with property rights." *United States v. Nelson*, 277 F.3d 164, 177 (2d Cir. 2002) (citing *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 443 (1968)). To state a claim under Section 1982, a plaintiff must allege that he was intentionally deprived of a property right on the basis of race. *Wiltshire v. Dhanraj*, 421 F. Supp. 2d 544, 555 (E.D.N.Y. 2005) (quoting *Harary v. Allstate Ins. Co.*, 983 F. Supp. 95, 99 (E.D.N.Y. 1997)); *Fair Housing in Huntington Comm. v. Town of Huntington*, No. 02-CV-2787 (DRH) (ARL), 2005 U.S. Dist. LEXIS 4552, at *25-*26 (E.D.N.Y. Mar. 23, 2005) (requiring discriminatory intent to establish a Section 1982 claim) (citing *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 443 (E.D.N.Y. 2002)), *reconsideration granted and motion denied by* 2005 U.S. Dist. LEXIS 4552 (E.D.N.Y. Nov. 29, 2005). With regard to plaintiff's Section 1982 claims, the Court again finds that plaintiff has failed to articulate intentional racial discrimination with enough specificity to put defendants on notice of his claims and of the factual grounds upon which such claims rest. Therefore, plaintiff has not met the pleading standard set forth in Federal Rule of Civil Procedure 8 in the case of his Section 1982 claims.

### (4) Section 1985 Claims

The elements of a Section 1985 claim for deprivation of civil rights are: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, . . . ; (3) an act in furtherance of the conspiracy; (4) whereby a person is . . . deprived of any right of a citizen of the United States." *Brown*, 221 F.3d at 341 (quoting *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)). A claim under Section 1985 requires "proof of discriminatory animus." *Brown*, 221 F.3d at 341. "The mere assertion of racial motivation, however, is not sufficient to state a conspiracy claim." *Posr v. Court Officer Shield #207*, 180 F.3d 409, 419 (2d Cir. 1999). As in the case of plaintiff's other racial discrimination claims, the facts relating to his Section 1985 claims have not been set forth with sufficient specificity to meet the

requirements of Rule 8.[6]

D. Leave to Amend

"Where dismissal is based on a *pro se* plaintiff's failure to comply with pleading conventions, a district court 'should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Shelton v. Trs. of Columbia Univ.*, No. 06-CV-0664, 2007 U.S. App. LEXIS 12184, at *3 (2d Cir. May 23, 2007) (summary order) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). "[I]t will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8." *Shelton*, 2007 U.S. App. LEXIS 12184, at *3 (quoting *Salahuddin*, 861 F.2d at 42).

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given sixty days leave to file an amended complaint that complies with Rule 8. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Should plaintiff file an amended complaint, he must (1) clearly identify the defendants in this matter, (2) set forth the legal basis and factual allegations to support his claims against defendants, and (3) state the relief that she is seeks with respect thereto. The allegations must be short, plain and concise. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. All further proceedings shall be stayed for sixty days.

III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED with prejudice with regard to plaintiff's Section 1986 claims on the basis of timeliness.

Defendants' motion to dismiss is GRANTED with regard to plaintiff's Section 1983 Equal Protection and Due Process Clause claims, as well as plaintiff's Section 1981, 1982 and 1985 claims, on the basis of Federal Rule of Civil Procedure 8. Because these pleading failures are potentially capable of being remedied, plaintiff's Section 1981, 1982, 1983 and 1985 claims are dismissed without prejudice, and plaintiff is granted leave to replead such claims. Plaintiff must file any such amended pleading within sixty days, or the dismissal will be deemed to be with prejudice.

---

[6] Alternatively, because plaintiff "has failed to properly allege a violation of his civil rights," under the Equal Protection clause or the other sections of the civil rights statutes, the Court may dismiss plaintiff's Section 1985 claim of conspiracy to deprive him of his civil rights pursuant to Federal Rule of Civil Procedure 12(b)(6). *Simpson v. Town of Southampton*, No. 06-CV-6743 (JFB) (WDW), 2007 U.S. Dist. LEXIS 43649, at *19 (E.D.N.Y. Jun. 15, 2007) (citing *O'Bradovich v. Village of Tuckahoe*, 325 F. Supp. 2d 413, 426 (S.D.N.Y. 2004); *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 527 (2d Cir. 1996) ("The complaint failed to state a claim under § 1985(3) because, *inter alia*, that section creates no substantive rights but merely 'provides a remedy for violation of the rights it designates.'") (quoting *Great Am. Fed. Savings & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979))).

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

August 8, 2007
Central Islip, New York

\* \* \*

Petitioner appears *pro se*. The attorney for respondent is Kathleen Rice, Esq., Nassau County District Attorney, by Judith R. Sternberg, Esq., Nassau County District Attorney's Office, 262 Old Country Road, Mineola, New York 11501.